UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER G., | Case No. 3:25-cv-00179-AR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ARMISTEAD, United States Magistrate Judge**

Christopher G. challenges the Commissioner's denial of his disability insurance benefits application. He argues[1] that the Administrative Law Judge made the following reversible errors:

(1)   The adoption of Dr. William Harrison's modified Light Residual Functional Capacity (RFC) lacked supportability and consistency;

(2)   The RFC determination failed to account for all relevant evidence, which includes Dr. Harrison's opined limitations; plaintiff's mental limitations

---

[1]   The District's LR 4000-3 (Briefs - Statement of Issues) requires that "plaintiff's opening brief . . . shall contain a statement of the specific issues presented for judicial review in a separate section under an appropriate heading." The court would find it helpful if the required statement of issues and the briefing identify clearly the legal, procedural, factual, or other ruling that plaintiff challenges so that it is readily apparent how, according to plaintiff, the ALJ erred.

> caused by chronic pain; and how plaintiff's neuropathic pain may have contributed to his hip and lower extremity pain; and
>
> (3)     Failure to provide clear and convincing reasons for discounting plaintiff's subjective symptom testimony.

(Pl.'s Br. at 10-31, ECF 9.) The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is AFFIRMED.

**(1)     Dr. William Harrison.** The ALJ found "generally persuasive" the opinion of Dr. William Harrison, a reviewing agency doctor at the initial level. Dr. Harrison opined that plaintiff, because of his severe impairment of a spine disorder, could lift and carry 20 pounds occasionally, 10 pounds frequently, and could stand, walk, or sit for a total of six hours in an eight-hour workday, with postural limitations of occasionally stooping and crouching. (Tr. 37-38.) The ALJ, in formulating the RFC, further restricted plaintiff to a reduced range of light work, including walking, standing, and sitting for four hours in an eight-hour day and including more restrictive postural and environmental limitations based on his back pain. (Tr. 38.) Plaintiff argues that the ALJ improperly "rejected all the limitations aside from the occasional stoop and crouch limit assessed based on plaintiff's 'back pain'" despite finding Harrison's opinion generally persuasive. (Pl.'s Br. at 12.)

Plaintiff's argument is not well taken because not only did the ALJ not reject Dr. Harrison's proposed limitations but adopted more restrictive limitations that were favorable to plaintiff. (Tr. 38.) For example, whereas Dr. Harrison assessed a six-hour sitting, walking, or standing limitation, the ALJ restricted that limitation to four hours in the RFC. (Tr. 32.) Any

alleged error in failing to include Harrison's less generous limitations is therefore harmless. "Even when the ALJ commits legal error, we uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate nondisability determination[.]" *Brown-Hunter, 806 F.3d at 492* (citation modified) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).[2] Accordingly, this court upholds the Commissioner's findings on the medical opinions from Dr. Harrison.

**(2)**   *RFC Determination.* As to the ALJ's RFC determination, plaintiff argues that the ALJ erred by (a) not incorporating Harrison's opinion into the RFC; (b) not discussing how plaintiff's neuropathic pain may have contributed to his hip and lower extremity pain; and (c) not including his mental limitations. (Pl.'s Br. at 15-23.)

   **(a)**   **Dr. Harrison.** As noted above, failing to include Harrison's less favorable limitations could not result in prejudicial error to plaintiff. (Def.'s Br. at 15-16, ECF 10); *see Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (holding overinclusion of debilitating factors in an RFC harmless). And the vocational expert testified that plaintiff could perform his past work with the ALJ's more restrictive RFC, which means that any potential error the ALJ might have made in evaluating Dr. Harrison's opinion would not have affected the vocational expert's finding and plaintiff's ultimate nondisability determination.

---

[2]   Briefly mentioned in plaintiff's argument about the ALJ's treatment of Dr. Harrison's opinion is a statement that Dr. Davenport "improperly analyz[ed]" his medical records. (Pl.'s Br. at 13.) If this is a separate claim of error, the court concludes that the ALJ did not err. Even though Dr. Davenport found plaintiff had no severe impairments, the ALJ adopted restrictions that were more favorable to plaintiff. As with the ALJ's evaluation of Dr. Harrison's opinion, even if the ALJ erred in evaluating Dr. Davenport's opinion, any error would be harmless because it would not affect plaintiff's nondisability determination.

**(b)    Neuropathic Pain.** Plaintiff's contention that the ALJ erred by not discussing how his neuropathic pain may have contributed to his hip and lower extremity pain is unavailing. The ALJ discounted plaintiff's hip and lower extremity nerve pain when discussing his "lumbar spine degenerative disc disease" when discounting plaintiff's subjective symptom testimony. (Tr. 30, 32-38.) As discussed below, the ALJ did not err in discounting the severity of plaintiff's nerve pain and was not required to include them in the RFC. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001) (holding that only limitations supported by substantial evidence and credited by the ALJ must be incorporated into the RFC); *see also* SSR 96-8p.

**(c)    Mental Limitations.** Plaintiff argues that the ALJ erred by not including his mental limitations in the RFC, for three reasons: (1) despite finding that plaintiff had mild cognitive functional limitations caused by attention deficit hyperactivity disorder (ADHD), the ALJ failed to include those limits in the RFC; (2) the ALJ failed to consider the effect of plaintiff's pain on his cognitive abilities; and (3) because his psychiatric records were unavailable, "it is unclear whether the objective evidence and his mental status examinations were continually within normal limits." (Pl. Br. 20.) The court is unpersuaded.

The ALJ addressed plaintiff's ADHD at step two and found that his ADHD "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (Tr. 31.) The ALJ concluded that "[b]ecause the claimant's mental impairment caused no more than mild limitation in any functional area, the mental impairment was not severe." (Tr. 32.) Because the RFC reflected that plaintiff had no more than mild limitations in mental functioning, the ALJ did not err. *See Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) (so stating).

Page 4 – OPINION AND ORDER
*Christopher G. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00179-AR

As for plaintiff's pain and its effect on his cognitive abilities, as explained below, the ALJ did not err in discounting plaintiff's subjective symptom statements about his pain. (Tr. 33.) The ALJ is not required to include in the RFC those limitations that have been appropriately discounted, and the ALJ therefore did not err in excluding them. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); SSR 96-8p.

Lastly, the court is not persuaded by plaintiff's assertion that the ALJ erred in failing to consider his outstanding mental health records. At the hearing, plaintiff's counsel stated that there was no outstanding evidence. (Tr. 49-50.) It is plaintiff's burden to produce evidence to support his claim for disability benefits. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (holding that the "claimant bears the burden of proving steps one through four, consistent with the general rule that '[a]t all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits.'" (quoting *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1998))).

At bottom, although plaintiff disagrees with the ALJ's analysis and RFC formulation, the ALJ's findings are fully supported by substantial evidence, are a reasonable interpretation of that evidence, and therefore must be upheld. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

**(3)** ***Subjective Symptom Testimony.*** Plaintiff argues that the ALJ failed to give specific, clear and convincing reasons for discounting his subjective symptom testimony. (Pl.'s Br. at 12-16); *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony); 20 C.F.R. § 404.1529. According to plaintiff, the ALJ's bases for

discounting his symptom testimony—the medical evidence, activities of daily living, and improvement with treatment—were unsupported or failed to account for the entire record. (Pl.'s Br. at 23-24.) The court disagrees.

As for plaintiff's objection to the ALJ's reliance on the medical evidence, it appears that he takes issue with the ALJ's failure to consider medical evidence favorable to his symptom testimony. For that argument, he relies on SSR 16-3P (available at 2017 WL 5180304), which instructs that "subjective symptom evaluation is not an examination of an individual's character" and ALJ's should consider "all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Plaintiff points to his "weakness, pain, range of motion, and abnormal nerve conduct study from 2018 demonstrating neuropathy." (Pl.'s Br. at 25.) Even if plaintiff's interpretation of the medical evidence is correct,³ this court's task is to determine whether the ALJ's credibility determination is a reasonable interpretation of the record. See *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). It is.

For example, plaintiff testified his neuropathic pain primarily started in his right foot and was a "three to a four" out of 10 when he woke up, but the pain worsened throughout the day "getting up to eight or nine by 5:00 p.m." from "just doing daily tasks and taking regular breaks." (Tr. 56.) The ALJ found that plaintiff's pain testimony above was inconsistent with his reports to

---

³ The Commissioner argues that "the physical examinations cited by Plaintiff, if anything, bolster the ALJ's findings, as they reveal 'no weakness in legs' (Tr. 970), full range of motion (Tr. 692), 'minimal pathology' in the foot (Tr. 849), intact lower extremity strength (Tr. 1302), only 'slight[]' limitations in the lumbar spine Tr. 1302), and normal gait (1302)."

Page 6 – OPINION AND ORDER
*Christopher G. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00179-AR

his medical providers. (Tr. 34-37; citing Tr. 1519 (in March 2020, two months after his second spinal surgery, plaintiff reported his overall pain was a two out of 10, his radicular pain had improved, and he was able to decrease his intake of pain pills), 1519-20 (exam showed he had full strength and normal sensation bilaterally and he denied weakness in his extremities), 1513 (plaintiff told providers in September 2020 that his pain was a two out of 10 and that radicular pain in his legs and feet was improved), 2659 (medical records from a November 2021 appointment reflect plaintiff's continued improvement of symptoms with an overall 80 percent decrease of sharpness of pain).)

      The court is also not persuaded by plaintiff's argument that the ALJ improperly relied on his activities of daily living described in treatment notes to discount his symptom testimony. (Pl.'s Br. at 27.) Although plaintiff testified that he "can't sit or stand for any length of time without having to lay down," the treatment notes the ALJ relied on reflect otherwise. (Tr. 64, 34 citing Tr. 1472 (plaintiff drove to and from Idaho and Wyoming), 2672 (chart notes show plaintiff spent five hours on the computer), 1115 (referenced records show plaintiff worked on physical household projects such as tilling a garden, cutting down a tree, mowing the lawn, and working on a backyard firepit), 1490 (plaintiff regularly rode his bicycle for at least eight miles at a time).)

      Finally, the court is not persuaded by plaintiff's argument that the ALJ erred in its finding that his improvement with treatment undermined his symptom testimony. (Pl.'s Br. at 30; Tr. at 35-36.) To begin with, in a post-operative evaluation after his back surgery, plaintiff reported his pre-surgical symptoms decreased, his overall pain was two out of 10, his radicular pain improved, and he denied any extremity weakness. (Tr. 1519.) Furthermore, he decreased the

Page 7 – OPINION AND ORDER
*Christopher G. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00179-AR

amount of pain medication he needed to take to alleviate back-related pain. (Tr. 1519.) Plaintiff also underwent physical therapy and experienced functional gains in his ability to "more easily and less painfully" perform activities of daily lifting due to that treatment. (Tr. 1634, 1497.) Finally, plaintiff met his 10-week physical therapy treatment goal by reducing by 50 percent his right leg symptoms when hiking and biking. (Tr. 2652.) The ALJ did not err in finding that plaintiff's overall improvement with treatment undermined his symptom testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (holding that the ALJ did not err in finding that plaintiff's self-reported and objective improvements with treatment were clear and convincing reasons to discount plaintiff's symptom testimony.) The ALJ's findings are supported by substantial evidence in the record and suggest a greater physical and mental capacity than alleged by plaintiff.

## CONCLUSION

For the above reasons, the court AFFIRMS the Commissioner's final decision and this action is DISMISSED.

ORDERED: February 25, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge